IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THE COIN-TAINER COMPANY, LLC,** | |
| Plaintiff, | |
| v. | Case No. 19-CV-00234-NJR |
| **PAP-R PRODUCTS COMPANY, PAP-R-TAINER, LLC, and SCOTT WARE,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Proposed Confidentiality Stipulation and Protective Order (Doc. 80). The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, the motion is **GRANTED**, and it is **ORDERED** that the documents and information produced during the course of discovery shall be protected against inappropriate disclosure in accordance with the following terms and conditions:

**1.     Definition of Discovery Materials**. For purposes of this Confidentiality Stipulation and Protective Order (the **"Stipulation"**), **"Discovery Materials"** means all documents, materials, tangible items, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or response, information revealed in an answer or response to any request for admission, information produced to the Court appointed receiver, or information otherwise revealed in some other fashion in the above-captioned action (the **"Action"**).

2. **Scope of Stipulation**. Until further order of the Court or stipulation of the parties, all Discovery Materials exchanged or produced in this Action shall be subject to this Stipulation.

3. **Designation in General**. Any party may designate any Discovery Materials produced in this Action, whether produced by that party, another party, or third parties, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to the terms of this Stipulation. A third party may designate any Discovery Materials it produces in this Action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to the terms of this Stipulation.

4. **Designation as "Confidential"**. A party or third party may designate Discovery Materials as "CONFIDENTIAL" under this Stipulation only after making a good faith determination that the Discovery Materials contain information that have the characteristics of confidential information and fall into one or more of the following categories:

    (a) information or documents which are proprietary to the party;

    (b) confidential or trade secrets information that derives value from being kept secret and is not generally available to the public;

    (c) information that, if disclosed, could cause invasion of the privacy of, or cause annoyance or embarrassment for a party or family member, employee or agent of a party, including the following:

        (i) personnel files of a party or a party's employees;

(ii) financial or tax information regarding any individual or party.

5. **Exclusions from Confidential Information**. Confidential Information shall not include documents filed in other courts and not under seal as of entry of this Order.

6. **Limitations on Use of Confidential Information**. Except as otherwise provided in this Stipulation, or ordered by the Court, all such confidential Discovery Materials that are designated to be "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Stipulation and any summaries, compilations or other work product which contain or reflect such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this Action or *Pap-R Products Co. v. Studio 503 LLC*, 3:19-CV-00077-SMY-RJD (S.D. Ill.) (the "Studio 503 Case"). No Confidential Information may be used by any receiving party for any competitive, business, or financial purpose. No receiving party may incorporate any Confidential Information into that party's business records (e.g., customer and vendor lists and databases), or otherwise record, summarize, or copy such Confidential Information other than to prosecute or defend the Action or the Studio 503 Case.

7. **Limitations on Disclosure of Confidential Information**. Except as otherwise provided in this Stipulation, or ordered by the Court, all Confidential Information that is marked "CONFIDENTIAL" shall not be disclosed to any person or entity other than:

(a) outside counsel of record for the parties, including partners and employees of such counsel, who are involved in the prosecution

and/or defense of this Action or the Studio 503 Case;

(b) contractors of such outside counsel who are involved in the prosecution and/or defense of this Action or the Studio 503 Case;

(c) in-house counsel for the parties who are involved in the prosecution and/or defense of this Action or the Studio 503 Case;

(d) the parties themselves, including any officers, directors, employees or agents of the parties who have a reasonable need of access to the information in connection with the prosecution and/or defense of this Action or the Studio 503 Case;

(e) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this Action or to whom counsel for any party believes in good faith that it is necessary that Confidential Information be shown for the purpose of prosecution and/or defense of this Action or the Studio 503 Case;

(f) the Court, Court personnel, and stenographers and videographers of deposition testimony; and

(g) the mediator or arbitrator in any alternative dispute resolution process in which the parties are participating by agreement or order of the Court.

8. **Conditions Prior to Disclosure**. All persons to whom counsel discloses any material marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" (including legal

counsel and the parties themselves and their representatives and agents) shall, prior to receiving such confidential disclosure: (a) be furnished a copy of this Confidentiality Stipulation and Protective Order; and (b) be instructed by counsel that such disclosure must be kept confidential and used only in connection with the prosecution and/or defense of this Action or the Studio 503 Case.

9.  **Designation as "Attorney's Eyes Only"**. A party or third party may designate Discovery Materials as "ATTORNEY'S EYES ONLY" only after making a good faith determination that the Discovery Materials contain confidential, proprietary, and/or trade secrets information that could cause significant competitive damage if learned by a competitor of the disclosing party.

10. **Limitations on Disclosure of Attorney's Eyes Only Information**. Except as otherwise provided in this Stipulation, or ordered by the Court, all Confidential Information that is marked "ATTORNEY'S EYES ONLY" shall not be disclosed to any person or entity other than:

    (a) outside counsel of record (as distinguished from in-house legal counsel) for the Parties, including partners and employees of such counsel, who are involved in the prosecution and/or defense of this Action or the Studio 503 Case;

    (b) contractors of such outside counsel of record (as distinguished from in-house legal counsel) who are involved in the prosecution and/or defense of this Action or the Studio 503 Case;

    (c) outside experts and consultants;

  (d) the Court, Court personnel, and stenographers and videographers of deposition testimony; and

  (e) the mediator or arbitrator in any alternative dispute resolution process in which the parties are participating by agreement or order of the Court.

**11.** **<u>Designation of Materials Subject to Multiple Levels of Protection</u>**. Parties and third parties may designate Discovery Materials as both "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY," in which case the greater degree of protection afforded by this Stipulation shall apply to such Discovery Materials. Discovery Materials designated as "ATTORNEY'S EYES ONLY" shall automatically be considered "CONFIDENTIAL" whether or not so designated.

**12.** **<u>Method of Designating Discovery Materials</u>**. Each party and third party shall designate any Discovery Materials that it deems to be "CONFIDENTIAL" in the following manner:

  (a) by stamping documents and containers of electronic media with the designation "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"; or

  (b) by imprinting the designation "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

If only part of a document contains "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, the supplying party shall so designate by only marking each page

that contains such information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY".

**13.** **Use of Discovery Materials During Depositions**. Information of a party or third party disclosed at the deposition of any witnesses may be designated by such party or third party as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and subject to the provisions of this Stipulation. To the extent practicable, the court reporter shall be instructed to clearly mark such pages of the deposition transcript. Any party or third party may also designate its information disclosed at such depositions as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by notifying all parties or their counsel in writing, within fifteen (15) days of receipt of the transcript of the deposition. Unless otherwise agreed, depositions shall be treated as "ATTORNEY'S EYES ONLY" during the 15-day period following receipt of the transcript. The notification should set forth the specific pages of the deposition transcript that contain "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information. If the designation is made on the record at the deposition, the designating party should nonetheless provide a notification setting forth the specific pages of the deposition transcript that contain "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information within the 15-day period. Any portion of a witness deposition that encompasses "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information shall be taken only in the presence of persons who are qualified to have access to such information as identified in this Stipulation. Notwithstanding the restrictions on disclosure above, documents marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may be shown to a witness at

deposition or trial by a party, if that party has a good faith basis to believe that the witness was previously the author or recipient of the document.

14. **No Waiver**. The inadvertent or unintended disclosure of Confidential Information by the supplying party, regardless of whether the information was designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

15. **Discovery Materials From Third Parties**. Any person or entity that is not a party to this litigation may supply Confidential Information to any party in accordance with the provisions of this Stipulation. If information is obtained from non-parties, through subpoena or otherwise, such information may be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by any party to this Stipulation that asserts a right of privacy or confidentiality as to the materials produced by such third party. In such event, all parties in possession of such third-party materials shall promptly mark each page of such materials (including all copies thereof) "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY". A copy of this Stipulation and the Protective Order shall be served along with any subpoena served in connection with this Action.

16. **Challenging Designations of Discovery Materials**. In the event that any party disagrees at any point in these proceedings with the designation of any Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", the challenging party shall notify the other parties (and non-party if applicable) in writing and state his/her

objections. Within fifteen (15) days after service of the objection, the parties (and non-party if applicable) shall attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party or entity disputing the designation of such Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may, thereafter, bring a motion for an order of the Court that the Discovery Materials in question, in whole or in part, under one or more of the designations described, should not be protected from disclosure. The burden is on the designating (non-moving) party to show that the Discovery Materials should be protected from disclosure or otherwise subject to limitations on its use or disclosure. Pending disposition of the motion, all parties shall provisionally honor the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designations under challenge.

**17.** **Filing Discovery Materials Under Seal**. In the event that any party wishes to use any Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in any affidavits, briefs, memoranda of law, or other papers filed with the Court in the above Action or the Studio 503 Case, such party shall file such documents with the Court under seal on CM/ECF if filed electronically or if filed in hard copy, under seal by placing such materials in an envelope marked "NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT: THIS ENVELOPE MAY BE GIVEN TO NO PERSON WITHOUT ORDER OF THE COURT" with this Order attached. The Clerk of Court, Court Administrator, and Court personnel of the above-named Court is directed to maintain under seal all documents, transcripts of deposition testimony, and any other information filed in the above Action that have been designated, in whole or in part, as

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY". The parties recognize that their right to file materials under seal may be restricted by the Court, in the Court's discretion, to protect the public's right of access to court files.

18. **Inadvertent Filing of Discovery Materials Not Under Seal**. If any party neglects to so direct the Court to maintain any Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under seal, as required by this Stipulation, the information nevertheless shall retain its protected status, the filing party shall immediately take steps to correct its omission, and any other party or entity may petition the Court to have such Discovery Materials placed under seal.

19. **Timing of Designations**. This Stipulation covers all information and discovery produced in this Action, regardless of the time of its production, and includes any previously discovered or produced information in this Action. A party is entitled to designate information and discovery as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" even after its information and discovery have been produced to another party; however, previous disclosure by the other party of such information shall not be deemed a violation of this Stipulation.

20. **Use of Discovery Materials in Court.** The fact that a document or transcript is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not itself be admissible as evidence during the trial of the above Action or the Studio 503 Case. During the trial and at any hearing in this Action or the Studio 503 Case, the party proposing to present information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall so inform the Court to allow the Court to take reasonable measures to protect the

confidentiality of such information, including clearing the courtroom of persons not involved in the proceedings, and ordering all remaining persons to keep the information they receive in strict confidence.

21. **Modifications**. Nothing in this Stipulation shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, such additional protection with respect to the confidentiality of documents or other Discovery Materials as that party may consider appropriate. Further, no party shall be precluded from claiming that any matter designated hereunder is not entitled to protection or that a more limited form of protection than designated is appropriate.

22. **Return of Discovery Materials**. Within thirty (30) days after written request taking place after the final termination of the above Action, including all appeals, each and every party, and all experts, consultants, and/or witnesses, receiving any Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be responsible for returning to the furnishing party's counsel all such information in such individual's possession, custody, or control, including all copies, and destroying all excerpts or summaries thereof, and destroying all electronic copies and excerpts or summaries thereof or any other materials derived therefrom. Additionally, every party, and all experts, consultants, and/or witnesses, receiving any Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall provide a certification as to the return or destruction of the Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY". This Section is not intended to require the return or destruction of attorney work-product, attorney emails, or attorney-

client memoranda, other similar documents, so long as they are maintained or stored safely and confidentially in the law offices of outside counsel to any of the parties in the above Action for a period of six years following conclusion of the Action. At the conclusion of the six-year period, outside counsel may turn over such materials to its client(s) notwithstanding anything to the contrary in this Stipulation. Notwithstanding the foregoing and subject to the ongoing confidentiality obligations below, counsel for a party may retain archival copies of expert reports, discovery responses, and/or filings that contain Confidential Information.

      **23.**    **Survival of Confidentiality Obligations**. The parties and their counsel further agree that Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" remain confidential after the termination or conclusion of the above Action and/or the termination or expiration of this Stipulation and that such information may not be used in any other matter or for any other purpose without the prior written consent of all parties to this Stipulation.

      **24.**    **Attorney Rendering Legal Advice**. Nothing in this Stipulation shall bar or otherwise restrict any attorney from rendering legal advice to his or her client with respect to the Action or the Studio 503 Case and, in the course of doing so, relying upon his or her examination of Confidential Information.

      **25.**    **Public Record or Other Source**. Nothing contained in this Stipulation shall prevent any party from the free and unrestricted use of any information that is a matter of public record or knowledge or any information that is already in the knowledge or possession of the party unless that party is already bound by agreement or order not to

disclose such information.

    **IT IS SO ORDERED.**

    **DATED:**   January 15, 2020

                                      */s/ Nancy J. Rosenstengel*
                                      **NANCY J. ROSENSTENGEL**
                                      **Chief U.S. District Judge**