IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE COIN-TAINER COMPANY, LLC, | |
| Plaintiff, | |
| v. | Case No. 19-CV-00234-NJR |
| PAP-R PRODUCTS COMPANY, PAP-R-TAINER, LLC, and SCOTT WARE, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Stipulation for Electronically Stored Information ("ESI") (Doc. 81). The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, the motion is **GRANTED**, and the above-named parties, by and through their counsel of record, hereby stipulate and agree as follows:

**I. ESI DISCLOSURES**

Within 30 days of the Court's entry of this protocol, each party shall disclose:

1. Custodians. The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. Non-custodial data sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. Third Party Data Sources. A list of third-party data sources, if any, likely to

contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

**II. PRESERVATION**

The parties are required to preserve ESI form sources that are in their possession, reasonably accessible, and likely to contain potentially relevant ESI, consistent with their obligations under the applicable rules.

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

2. <u>Standard for Addressing Privilege</u>. Documents withheld on the basis of attorney-client privilege or the work-product doctrine will be identified in a privilege log by date, author(s), recipient(s), general description of document and subject matter, and source retrieved from. The parties will exchange privilege logs on December 20, 2019, reflecting documents withheld on the basis of privilege through that date, and will provide timely updates to the log to the extent additional documents are withheld on the basis of privilege. The parties agree the privilege logs do not need to include communications between a party and its counsel subsequent to February 22, 2019 (the date of the filing of the Complaint in this Action).

**III. ESI DISCOVERY PROCEDURES**

1. <u>On-site inspection of electronic media</u>. If a party requests an on-site inspection of electronic media, the parties will confer in good faith regarding the request. No party is required to consent to an inspection absent good cause and/or order from the Court.

2. <u>Search methodology</u>. The Court presumes that in the majority of cases, the use of search terms will be reasonably necessary to located ESI likely to contain discoverable information. Parties shall try to reach agreement on appropriate search terms before any query is performed.

    a. A producing party shall disclose what search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, a party shall disclose the search methodology used to locate ESI likely to contain discoverable information.

    b. If search terms were used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 15 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The parties shall confer in good faith on the 15 additional terms or queries. Focused terms and queries rather than overbroad ones shall be employed.

    c. For the purposes of this Protocol, and absent a showing of good cause, search terms returning more than 500 megabytes of data are presumed to be overbroad. The producing party shall search non-custodial data sources, emails, and other ESI maintained by the custodians identified above.

3. <u>Format</u>. The ESI shall be produced in electronic format to the requesting party

as described in the Production Protocol outlined in Appendix A.

4. <u>Metadata fields</u>. Metadata is to be preserved and produced consistent with the Production Protocol outlined in Appendix A.

5. <u>Costs</u>. Generally, the costs of discovery shall be borne by the producing party. The Court may shift the cost of production upon a showing of unequal burdens, unreasonable requests, or other good cause.

**IT IS SO ORDERED.**

**DATED:   January 15, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**